William J. Crangle, J.
Petitioner, a resident of the Town of Mayfield, operates a poultry farm. For some years he has disposed of the carcasses of dead poultry on the town dump. This practice has now been prevented because employees of the town have refused to allow the deposit of dead animals on the dump and have posted signs forbidding such use.
This proceeding is brought pursuant to article 78 of the CPLR and seeks to enjoin the Town of Mayfield from restricting the use of the dump. The town in its answer and supporting affidavit in substance confirms petitioner’s statement of fact.
The dump is a sanitary landfill operated under regulations for refuse disposal promulgated under the authority of section 27-0503 of the Environmental Conservation Law. Refuse under such regulations is defined as "all putrescible and nonputrescible solid wastes including garbage, rubbish, ashes, incinerator residue, street cleanings, dead animals, offal and solid commercial and industrial wastes” (6 NYCRR 360.1 [b]). The regulations further provide that no refuse shall be deposited in such a manner that leachings from it shall affect the quality and purity of the waters of the State in contravention of standards established pursuant to the Environmental Conservation Law. No evidence is presented that petitioner’s activities have or would violate this regulation.
The ordinance establishing the dump purports to regulate the disposal of garbage and rubbish in the Town of Mayfield (ordinance No. 1-1963). It does not limit the nature or type of substance which may be placed upon the dump. It refers to "garbage and rubbish” which are general terms sufficiently broad in meaning to include everything embraced within the term "refuse”. (Webster’s Third International Dictionary defines garbage as "refuse of any kind”.) Dead animals are included in the statutory definition of "refuse” (6 NYCRR 360.1 [b]). The ordinance delegates to the person in charge of the dump the right to direct the time, the place and the manner for depositing substances upon the dump. The delegated authority, however, is not so great as to allow the person in charge of the dump to exclude specific types of *759 refuse from the statutory definition. This would require legislative action involving such serious considerations as the conservation of water purity in the township, the need for some form of disposal of dead animals for the protection of the public health, the economic value of a business within the township which requires a disposal area for its commercial wastes, the expense of alternate methods of disposal and probably other matters which could only be fairly and properly decided by the town board rather than its delegate.
The petition is therefore granted without costs. An order will issue directing the town board of the Town of Mayfield to allow petitioner and others to deposit dead animals upon the sanitary landfill pursuant to ordinance No. 1-1963 until such time as the problem is met and solved by legislative action.